UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARILYN DEMARCO,

                    Plaintiff,

    -against-

JP MORGAN CHASE,

                    Defendant.

**MEMORANDUM & ORDER**

**10-CV-4110 (NGG) (VVP)**

-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On August 9, 2010, Plaintiff pro se Marilyn Demarco ("Demarco") filed an amended complaint in the New York State Supreme Court, Kings County. (Compl. (Docket Entry # 1 at 3-14).) On September 9, 2010, Defendant JP Morgan Securities LLC ("JP Morgan")[1] removed the case to federal court. (Docket Entry # 1 at 1-2.) Demarco raises claims relating to JPMorgan's termination of her employment. JPMorgan moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry ## 6-8.) For the reasons stated below, Demarco's federal claim is dismissed and her state claims are remanded to the state court.[2]

---

[1] According to JPMorgan, Defendant's designation by Demarco, in the caption, as "JPMorgan Chase" is "erroneous." (See Docket Entry # 1 at 1.)

[2] In her response to JPMorgan's motion to dismiss, Demarco attaches a second amended complaint that she filed in state court on September 16, 2010. Since this second amended complaint was filed after the case was removed to federal court, the state court no longer had jurisdiction over the case. See Ornstein v. Lyndon Baines Johnson Health Complex, Inc., No. 04-CV-4627 (NGG), 2006 WL 845412, at *3 (E.D.N.Y. Mar. 29, 2006) (citing Echevarria v. Silberglitt, 441 F.2d 225, 227 (2d Cir. 1971)). Therefore, Demarco's filing of the second amended complaint had no effect, and the court will not consider it. See Otway v. City of New York, 818 F. Supp. 659, 660-61 (S.D.N.Y. 1993) (refusing to consider amended complaint filed in state court after case was removed to federal court).

1

## I. BACKGROUND

Demarco was employed as an administrative assistant at JPMorgan from October 1997 until her termination on March 22, 2006. (Compl. ¶ 4.) Demarco alleges that JPMorgan "wrongfully terminated and unlawfully retaliated against" her. (Id. ¶ 3.) According to Demarco, her manager's conduct created a hostile work environment, this hostile work environment caused her to feel chest pains and distress, and she was fired because she complained about her manager's conduct and because of her "work place induced disability." (Id. ¶¶ 5-9.) Demarco states she received no written documents explaining her termination, including termination documents to which she was entitled under company policy. (Id. ¶ 8-9, 12-13, 15.)

Demarco asserts that JPMorgan violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (Compl. ¶ 3.) She also asserts claims under "New York Labor Law 194 and 198, the New York State Human Rights Law [and] Executive Law, . . . [the] New York City Human Rights Law," and state administrative and common law. (Id.) On September 9, 2010, JP Morgan removed the case to this court pursuant to 28 U.S.C. § 1441(a) on the grounds that the court has original jurisdiction over the ADA claim. (Docket Entry # 1 at 1-2.)

## II. DISCUSSION

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts as true all allegations of fact made by the plaintiff and draws all reasonable inferences in the plaintiff's favor. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Even a pro se complaint will be dismissed if it does not contain sufficient factual matter to state a claim. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

The only federal cause of action Demarco asserts is one under the ADA. Before pursuing such a claim in federal court, a plaintiff must timely file a charge with the Equal Employment Opportunity Commission ("EEOC") and obtain a "right to sue" letter from the EEOC. 42 U.S.C. §§ 2000e-5(f)(1), 12117(a); Pilman v. New York City Housing Authority, 64 F. App'x 293, 296 (2d Cir. 2003). A plaintiff's failure to exhaust administrative remedies before bringing an ADA claim in federal court is a proper basis for dismissal under Rule 12(b)(6). See Curto v. Edmundson, 392 F.3d 502, 503 (2d Cir. 2004) ("[T]he District Court properly dismissed Curto's ADA claim, because there is no evidence in the record that Curto exhausted her administrative remedies prior to filing her ADA claim in federal court."); see also Pompey v. Imagistics Pitney Bowes Office Systems, No. 04-CV-3923 (SJF), 2005 WL 1320153, at *2 (E.D.N.Y. May 26, 2005) (dismissing employment discrimination action that had been removed from state to federal court because plaintiff failed to demonstrate that he had exhausted his claims with the EEOC).

At no point in her complaint does Demarco allege that she filed a charge with the EEOC. JPMorgan urges the court to dismiss Demarco's complaint on that basis. (Docket Entry # 8 at 7-9.) In her memorandum of law in response, Demarco states that her original assertion of a cause of action under the ADA was an "inadvertent error"—in other words, that she only meant to pursue state claims. (Docket Entry # 14 at 1, 5.) Therefore, Demarco argues, "there should not be an obligation" for her to exhaust her claims with the EEOC. (Id. at 2.)

It is clear from Demarco's complaint and her response to JPMorgan's motion that she never filed a complaint with the EEOC. Therefore, the court dismisses Demarco's ADA claim. The only remaining claims in Demarco's action sound under New York State law. The court declines to exercise supplemental jurisdiction over these claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction [if] the district court has

dismissed all claims over which it has original jurisdiction[.]"). Instead, the court remands the remaining state-law claims to the New York State Supreme Court, Kings County. See Bill v. Casarona, No. 95-CV-2857 (PKL), 1996 WL 389304, at *4 (S.D.N.Y. July 11, 1996) (in case that had been removed from state to federal court, remanding remaining state claims to state court after dismissing federal claims).

## III. CONCLUSION

For the aforementioned reasons, Demarco's Americans with Disabilities Act claim is DISMISSED. Her remaining state claims are remanded to the New York State Supreme Court, Kings County.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
     May 9, 2011

NICHOLAS G. GARAUFIS
United States District Judge